# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| SHAUNI TURNMEYER-COOK, | |
| Plaintiff, | No. 16-CV-3088-LTS |
| vs. | **ORDER** |
| WINNEBAGO INDUSTRIES, INC., | |
| Defendant. | |

## I. INTRODUCTION

This matter is before the court pursuant to Plaintiff's Unresisted Motion to Remand to State Court (Doc. 6), and Plaintiff's Unresisted Motion to Amend Complaint (Doc. 7). Plaintiff originally filed a petition in the Iowa District Court for Winnebago County, Iowa, alleging a violation of the Americans with Disabilities Act (ADA) and the Iowa Civil Rights Act (Count One), and Workers Compensation Retaliation (Count Two). Doc. 3. Defendant removed the case to this Court pursuant to 28 U.S.C. § 1441(a), because plaintiff's ADA claim established federal question jurisdiction under 28 U.S.C. §1331. Doc. 1, ¶ 7. If granted, plaintiff's motion to amend the complaint would remove allegations that defendant violated the ADA, effectively divesting this Court of original jurisdiction. Plaintiff argues that under those circumstances, it is appropriate to remand the case to state court.

For the reasons that follow, the Court grants plaintiff's motion to amend and her motion to remand the case to state court.

## II. DISCUSSION

The pending motions require the Court to first determine if it should grant leave to allow plaintiff to amend her complaint; and second, whether, if granted, the Court should remand the surviving state law claims to state court or retain supplemental jurisdiction over those state law claims. The Court will address each in turn.

### A. *Motion to Amend*

Federal Rule of Civil Procedure 15 provides that "A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). In this case, defendant filed its answer on August 11, 2016, more than twenty-one days before plaintiff filed the motion to amend, so plaintiff must either obtain written consent from the opposing party, or have leave of the court. Plaintiff's motion reflects that "Defendant does not resist the instant motion" (Doc. 7, at 2), but plaintiff has not provided the Court with defendant's written consent. Accordingly, leave of court is required.

There is, of course, no absolute right to amend a pleading. *See Hammer v. Osage Beach*, 318 F.3d 832, 844 (8th Cir. 2003). A decision whether to allow a party to amend her complaint is left to the sound discretion of a trial court and will be overruled only if there is an abuse of discretion. *See Humphreys v. Roche Biomedical Labs., Inc.*, 990 F.2d 1078, 1081 (8th Cir. 1993); *Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 644 F.2d 690, 694 (8th Cir. 1981). A court may properly deny a motion to amend where there is a showing of: "undue delay, bad faith or dilatory motive on the part of the

movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Delay alone is insufficient justification; prejudice to the nonmovant must also be shown. *See Buder*, 644 F.2d at 694 (finding that delay coupled with a mere recitation of prejudice by the district court was insufficient to pass scrutiny); *Mercantile Trust Co. Nat'l Ass'n v. Inland Marine Prods. Corp.*, 542 F.2d 1010, 1012 (8th Cir. 1976) (holding that delay alone is not enough to deny a motion to amend). Any prejudice to the nonmovant must be weighed against the prejudice to the moving party by not allowing the amendment. *Buder*, 644 F.2d at 694.

Here, plaintiff's motion was timely because the Court had not yet entered a scheduling order setting a deadline for filing motions to amend. Further, plaintiff acted within a reasonable time after defendant filed its answer in mid-August to move to amend the complaint. Finally, and most importantly, defendant is not alleging prejudice and has not resisted plaintiff's motion.

Accordingly, for these reasons, the Court grants plaintiff's motion to amend the complaint (Doc. 7).

### B. Motion to Remand

Defendant removed the case to this Court because plaintiff's complaint included an ADA claim within the Court's original jurisdiction. The Court, thereby, acquired supplemental jurisdiction over plaintiff's state law claims when the case was removed to this Court. Title 28, United States Code, Section 1367 provides that, when a district court has original jurisdiction over a claim, "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III . . . ." 28 U.S.C. § 1367(a). Nonetheless, when the district court has dismissed all

claims over which it has original jurisdiction, the district court "may decline to exercise supplemental jurisdiction." 28 U.S.C. § 1367(c). There is no dispute in the present matter that the Court properly obtained jurisdiction over the case because of plaintiff's ADA claim, and that included pendent jurisdiction of plaintiff's state law claims. The questions remaining, then, are whether remand of the state claims to state court is required or discretionary, and if discretionary, whether the Court should exercise its discretion and remand the matter to Iowa District Court.

Title 28 U.S.C. § 1447 provides, in pertinent part:

(c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. . . .
(d) An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . .

28 U.S.C. § 1447.

Plaintiff urges remand based on a lack of subject-matter jurisdiction, and not some other defect in the removal procedure. Thus, Plaintiff's motion to remand is not subject to the thirty-day time limitation in § 1447(c), and is, therefore, timely. *See*, *e.g.*, *Pierpoint v. Barnes*, 94 F.3d 813, 818 (2d Cir. 1996) (stating that the thirty day time period was specifically written "in terms of a defect in 'removal procedure' in order to avoid any implication that remand is unavailable after disposition of all federal questions . . . .").

Having granted plaintiff's motion to amend her complaint, which removes federal subject matter jurisdiction, then Section 1447 provides that "the case shall be remanded." Were it determined, however, that remand is not mandatory, but rather, a matter of discretion, the Court would, nevertheless, exercise its discretion to remand the case to state court. "In general, federal courts give considerable deference to the plaintiff's

4

choice of forum." *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 695 (8th Cir. 1997). Although that deference is not unlimited, "the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 503 (1947). Furthermore, the standard for remand requires that any doubts about the propriety of removal be resolved in favor of remand. *In re Business Men's Assur. Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). Here, it is clear by plaintiff's filing of the original petition in state court, and her motion to amend her complaint to remove any allegations regarding the ADA, that her choice of forum is state court. This Court finds no compelling reason, especially in light of defendant's acquiescence, to retain jurisdiction over a case that both parties seek to pursue in state court.

### C. Magistrate Judge's Authority to Remand to State Court

The Court raises *sua sponte* the question whether a magistrate judge has authority to enter an order remanding a removed case to a state court. Entering such an order is not among the eight excepted matters that Congress withheld from the magistrate judges in Title 28, United States Code, Section 636(b)(1)(A). Neither the Eighth Circuit Court of Appeals, nor this Court, has, so far as the undersigned can find, opined on this issue.

There is a split in authority on the issue of whether a magistrate judge has the authority to determine a motion to remand a case. The Third, Sixth, and Tenth Circuit Courts of Appeals have held that orders granting motions to remand are "dispositive" outside the scope of a magistrate judge's authority to enter without review. *See Vogul v. U.S. Office Prods. Co.*, 258 F.3d 509, 515 (6th Cir. 2001) (holding that remand orders are "dispositive" and can only be entered by a district judge because "a remand motion has the same functional effect as dispositive motions enumerated in § 636(b)(1)(A)"); *In re U.S. Healthcare*, 159 F.3d 142, 146 (3rd Cir. 1998) (holding that a remand order was dispositive because it "banishes the entire case from the federal court"); *First Union*

*Mortg. Corp. v. Smith*, 229 F.3d 992, 996 (10th Cir. 2000) (holding that a magistrate judge's remand order is dispositive because "it is [ ] very similar in effect to an involuntary dismissal"). If a motion to remand is determined to be dispositive, the district court will review the matter de novo. *See* FED. R. CIV. P. 72(b).

Courts that have held that remand is a dispositive issue have reached this conclusion by analyzing the list set forth in 28 U.S.C.A. § 636(b)(1)(A) as "nonexhaustive." *Vogul*, 258 F.3d at 515. Additionally, these courts have determined that "unlisted motions that are functionally equivalent to those listed in § 636(b)(1)(A) are also dispositive." *Id*. These courts have also opined that a remand order is similar to an order of involuntary dismissal "because a remand order is dispositive insofar as proceedings in the federal court are concerned, the order is the functional equivalent of an order of dismissal." *In re U.S. Healthcare*, 159 F.3d at 145.

In contrast, many other courts have held that remand is "non-dispositive," and thus. qualifies as a pretrial matter that a magistrate judge has the authority to "hear and determine," subject to review by a district court judge. *See*, *e.g.*, *Wachovia Bank, Nat'l Ass'n. v. Deutsche Bank Trust Co., Ams.*, 397 F. Supp. 2d 698, 702 (W.D. N.C. 2005) (holding that a magistrate judge has the power to hear and decide a motion to remand); *Johnson v. Wyeth*, 313 F. Supp. 2d 1272, 1273-75 (N.D. Ala. 2004) (holding that because Congress did not deny remand authority to magistrates in the explicit list it set forth in 28 U.S.C.A. § 636(b)(1)(A), it is within the authority of a magistrate judge "as long as an opportunity was provided for any party to seek a Rule 72 review of the order"); *Banbury v. Omnitrition Intern. Inc.*, 818 F. Supp. 276, 279 (D. Minn.1993) (holding that magistrate judges have authority to order a remand to state court, recognizing a split of authority on the matter); *Holt v. Tonawanda Coke Corp.*, 802 F. Supp. 866, 868 (W.D. N.Y. 1991) (holding that because a motion to remand is not dispositive, it is within the authority of a magistrate judge to hear and determine); *North Jersey Sav. & Loan*

6

*Ass'n. v. Fidelity & Deposit Co. of Maryland*, 125 F.R.D. 96, 98 (D. N.J. 1988) (holding that because a motion to remand is not listed in § 636(b)(1)(A), it is not a "final" determination and may be reviewed by a district court).

This Court concludes that a motion to remand is a non-dispositive issue and within the authority of a magistrate judge for the following reasons. First, a plain reading of Section 636 notes that the section explicitly lists pretrial matters that are not within the authority of magistrate judges. Remand authority is not one of those listed excluded matters. The language of § 636(b)(1)(A), explicitly states that a magistrate judge can hear "any pretrial matter . . . except . . ." a very specific list of eight matters. 28 U.S.C.A. § 636(b)(1)(A). Additionally, if Congress wanted to include remand of removed cases beyond the authority of magistrate judges, it knew how to do so. Because Congress explicitly set out matters that are not within the authority of a magistrate judge and because remand is not among them, the Court finds a decision regarding remand is a valid authority of a magistrate judge.

Second, a decision on a motion to remand does not result in a final, or dispositive, decision. The term "dispositive" is defined by BLACK'S LAW DICTIONARY, 484 (7th ed. 1999), as "bringing about a final determination." "A motion to remand is not dispositive since a decision on the motion decides only the question of whether there is a proper basis for federal jurisdiction to support removal, and neither reaches nor determines the merits of a plaintiff's claims or a defendant's defenses or counterclaims." *Holt*, 802 F. Supp. at 868. Granting a motion for remand does not bring about a final determination of a case; the case will simply be remanded for determination by a state court or remain in federal court.

Third, the goal of having magistrate judges to lighten the heavy caseload of the district court is advanced by recognizing the authority of magistrate judges to rule on motions to remand. The explicit language of a statute to determine magistrate authority,

such as 28 U.S.C. § 636(b)(1)(A), "should be read in light of the practical goal of vesting magistrate judges with sufficient authority to enable them to assist effectively in managing the heavy caseload borne by the district courts." *Johnson*, 313 F. Supp. 2d at 1274.

Absent an Eighth Circuit Court of Appeals decision to the contrary, this Court concludes that remand is a non-dispositive issue. A non-dispositive issue requires a standard of review of clearly erroneous or contrary to the law.

### III.    CONCLUSION

For the reasons set forth above, the Court **grants** plaintiff's motion to amend the complaint (Doc. 6), and plaintiff's motion to remand the case to the Iowa District Court for Winnebago County, Iowa (Doc. 7).

**T IS SO ORDERED** this 17th day of October, 2016.

_____
C.J. Williams
United States Magistrate Judge
Northern District of Iowa